# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2583 | **DATE** | 6/24/2013 |
| **CASE TITLE** | Mark Davenport (N-80706) vs. Dr. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to file an amended complaint [17] is granted. Plaintiff's motion for representation by counsel [19] is granted. The Court requests that Michael Jerry Freed with Freed, Kanner, London & Millen, LLC, 2201 Waukegan Road, Suite 130, Bannockburn, IL 60015, (224) 632-4500, represent Plaintiff in accordance with Local Rule 83.11(g) and 83.37 (N.D. Ill.). Within 30 days of the date of this order, counsel should enter an appearance and inform the Court whether he intends to proceed with the amended complaint or whether he will file a second amended complaint, if he is able to do so in accordance with his obligations under Fed. R. Civ. P. 11(b).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Mark Davenport, an inmate incarcerated at Pinckneyville Correctional Center, proceeding *pro se*, has filed an amended complaint after the Court allowed his attorney to withdraw. Plaintiff alleges deliberate indifference concerning events that occurred during the night of January 19, 2011. According to Plaintiff, a medical technician examined Plaintiff earlier that day because he was having chest pains. The medical technician told Plaintiff that his blood pressure was high. At 11pm that night, Plaintiff told two officers that he was experiencing high blood pressure, chest pains, and dizziness, and that his body was shaking. Plaintiff states that hours passed without a medical technician seeing him, during which time Plaintiff experienced "flare ups" where his blood pressure rose and he experienced chest pains and "tremors." (Am. Compl. at 2.) Plaintiff states he stopped Sergeant Darrin Hunter and asked to see a medical technician. Hunter allegedly stated that he would get one but, instead, continued checking the locks on cell doors. A medical technician never came during the night. Officers allegedly told Plaintiff that they informed Medical Technician Vijai Darsipudi on January 19th of Plaintiff's complaints, but Darsipudi never examined Plaintiff.

Plaintiff has limited both the Defendants and the claims from his original complaint (perhaps in response to the Court's prior initial-review order). Plaintiff now asserts only claims about his lack of medical attention on the night of January 19, 2011, and names as Defendants only the sergeant and medical technician on duty that night. Although it is unclear if Plaintiff suffered significant harm following the events on January 19, 2011, his allegations that Sergeant Hunter and Medical Technician Darsipudi ignored complaints of chest pains and high blood pressure that night state colorable claims. *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) (delay of several hours in treating of inmate's complaints of chest pains and high blood pressure, given the ease with which nitroglycerin resolved his symptoms, stated a claim of deliberate indifference); *Wynn v. Southward*, 251 F.3d 588, 594 (7th Cir. 2001) (delay with giving inmate his heart medication, resulting in chest pains, can establish deliberate indifference); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment").

| STATEMENT |
|---|
| The Court grants Plaintiff's request for representation by counsel and requests that Michael Jerry Freed with Freed, Kanner, London & Millen, LLC, 2201 Waukegan Road, Suite 130, Bannockburn, IL 60015, (224) 632-4500, represent Plaintiff in accordance with counsel's trial bar obligation under Local Rule 83.11(g) and 83.37 (N.D. Ill.). Within 30 days of the date of this order, counsel should enter an appearance and notify the Court whether he wants to proceed with the current amended complaint or submit another one, if he is able to do so in accordance with his obligations under Fed. R. Civ. P. 11(b). |